**Balvinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72251.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD and BERZON, Circuit Judges.

MEMORANDUM **

Balvinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of deportation and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Where, as here, the BIA adopts and affirms the IJ's decision pursuant to *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the decision, we review the IJ's decision as if it were the BIA's. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc). We review for substantial evidence an adverse credibility determination and will uphold that decision unless the record compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004).

Substantial evidence supports the IJ's adverse credibility determination. Singh's omission of the beatings he suffered at the hands of Indian police in his asylum application is a proper basis for the IJ's adverse credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 963 (9th Cir.2004) ("The IJ is not unreasonable in considering that, if truthful, [petitioner] would have thought to mention his most serious allegation of mistreatment when he detailed the persecution he and his family allegedly endured.").

Moreover, Singh's submission of fraudulent documents to support his asylum claim further justifies the IJ's adverse credibility finding. *See Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (noting distinction between fraudulent documents used to "establish critical elements of the asylum claim" and those "made to evade INS officials," and holding that the former " 'involve[ ] the heart of the asylum claim' " (alteration in the original) (quoting *Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990))); *Desta v. Ashcroft,* 365 F.3d

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

741, 744–45 (9th Cir.2004) (upholding IJ's adverse credibility finding based, in part, on "possibly" fraudulent letters documenting petitioner's membership in the allegedly persecuted political groups, holding that the "genuineness of these documents goes to the heart of his claim").

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more rigorous standard for withholding of deportation. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, as Singh's claim for relief under CAT relies on the same evidence the IJ deemed not credible in the asylum context and he points to no additional evidence the IJ should have considered regarding the likelihood of torture if removed to India, his CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**